UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHARLES FRANKLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:12-cv-00240-JMS-WGH |
| ) | |
| CHARLES LOCKETT Warden, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Petitioner Charles Franklin, currently incarcerated at the United States Penitentiary at Terre Haute, Indiana, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of the sentence imposed by the United States District Court for the Eastern District of Missouri in case number 4:99CR353 CEJ. Franklin argues that he is actually innocent as sentenced.

**Background**

Franklin was convicted of three counts of narcotics trafficking offenses under 21 U.S.C. § 841(a)(1) and sentenced to 240 months imprisonment on each count to be served concurrently. Franklin's conviction and sentence was affirmed on direct appeal on June 29, 2001, *see United States v. Franklin*, 250 F.3d 653 (8th Cir. 2001) and the Supreme Court denied his petition for certiorari on October 29, 2001. *See Franklin v. United States*, 534 U.S. 1009 (2001).

Franklin filed the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 16, 2012. The United States responded on April 11, 2013. Franklin did not file a reply. Franklin asserts in his petition that he is "actually innocent of his sentence" and should

be permitted to proceed in this Court pursuant to the "savings clause" provision of 28 U.S.C. § 2255(e).

Franklin's claim rests upon his assertion that an underlying state conviction, used against him at his federal trial and his federal sentencing proceeding, was obtained with the use of evidence gathered by a subsequently discredited and corrupt police detective named Bobby Lee Garrett.[1] Franklin does not contend that his prior state conviction has ever been set aside or vacated by a Missouri state or appellate court. Instead, Franklin appears to seek adjudication in this Court of the validity of that prior state conviction, based upon his contention that it was obtained unlawfully.

The United States argues that Franklin may not proceed pursuant to the "savings clause" provision of 28 U.S.C. § 2255 and that he is not entitled to any relief on the merits of his claim.

## Discussion

Federal prisoners who seek to bring collateral attacks on their conviction or sentences must ordinarily bring an action under 28 U.S.C. § 2255, "the federal prisoner's substitute for habeas corpus." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). However, a federal prisoner may petition under § 2241 "if his section 2255 remedy 'is inadequate or ineffective to test the legality of his detention.'" *Id.* (citing § 2255(e), the "Savings Clause"). Three conditions must be established for this exception to apply in a case such as this. *See In re Davenport*, 147 F.3d 605, 610-12 (7th Cir.1998). First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case." *Rios*, 696 F.3d at 640. Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. *Id.* "The third condition is that [the] sentence enhancement . . . have been a grave enough error to

---

[1] See *U.S. v. Garrett*, 2009 WL 1086974, 3 (E.D. Mo. 2009) (listing charges in indictment); *Johnson v. U.S.*, 2009 WL 3152984, 2 (E.D. Mo. 2009) (stating the former officer Garrett entered a plea of guilty to certain charges on August 28, 2009, in *United States v. Bobby Lee Garrett*, No. 4:08–CR–703 ERW (E.D.Mo.)).

be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.; see also Davenport*, 147 F.3d at 611 (a prisoner must show "a fundamental defect in his conviction or sentence"). It is the inmate's burden to show that a § 2241 remedy is proper. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Franklin cannot utilize § 2241 because he fails to rely upon a retroactive Supreme Court decision. Consequently, the Savings Clause cannot be invoked because § 2255 has not been shown to be inadequate or ineffective. Franklin's situation is like that presented in *Unthank v. Jett*, 549 F.3d 534 (7th Cir. 2008). In *Unthank*,

> the prisoner brought a § 2241 action challenging his sentence, but he did not allege that a retroactively applicable Supreme Court decision (like *Begay* ) entitled him to relief. *Id.* at 534–35. He instead contended that he was "entitled to a reduced punishment because, after sentence was imposed in his federal case, one of his state convictions was vacated," and that "[r]ecalculating his criminal history in light of the state court's decision would (or at least could) have led to a lower federal penalty." *Id.* [The Seventh Circuit] concluded that the prisoner could not seek savings clause relief because he failed to prove that § 2255 was "inadequate or ineffective." *Id.* at 536. Unthank was not entitled to relief under § 2241 because he did not contend that "a glitch in § 2255 prevent[ed] application to his situation of a retroactive decision of the Supreme Court." *Id.*

*Brown v. Caraway*, -- F.3d --, 2013 WL 1920931, *3 n.1 (7th Cir. May 10, 2013). Like Unthank, Franklin has failed to demonstrate that a § 2241 remedy is proper.

The United States correctly notes that if Franklin wishes to attack the validity of his prior Missouri state conviction, he must return to the courts of Missouri for relief. *See Daniels v. United States*, 532 U.S. 374, 376 (2001) (holding that a federal prisoner may not attack a predicate state conviction through a § 2255 motion challenging an enhanced federal sentence). If Franklin's prior Missouri conviction is set aside or vacated, that would constitute newly discovered evidence that might authorize him to file a 28 U.S.C. § 2255 motion. *See Johnson v. United States*, 544 U.S. 295 (2005); 28 U.S.C. § 2255(h)(1).

**Conclusion**

For the reasons explained above, Franklin's request for relief under § 2241 is not allowable under § 2255(e). Franklin's petition for a writ of habeas corpus is **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/10/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CHARLES FRANKLIN
Reg. No. 24499-044
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Gerald A. Coraz
UNITED STATES ATTORNEY'S OFFICE
Email: gerald.coraz@usdoj.gov